IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JEFFERY LYNN INGISON, #2065460 | § | |
| VS. | § | CIVIL ACTION NO. 2:16cv1235 |
| REBECCA J. OJEMAN | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT
AND RECOMMENDATION AND ENTERING FINAL JUDGMENT</u>

Plaintiff Jeffery Lynn Ingison (Ingison), an inmate confined at the Hutchins Unit within the Texas Department of Criminal Justice, proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit against Rebecca Ojeman, an Assistant District Attorney in Upshur County. The case was referred for findings of fact, conclusions of law, and recommendations for the disposition of the complaint.

**I. Ingison's Federal Claims**

In his amended complaint, Ingison maintains that the Ojeman "would not give [him] a copy of my judgment under the Freedom of Information Act," thereby violating the Act and his constitutional rights. Ingison attached copies of a portion of his pretrial transcripts, which denote that there was a typographical error on the judgment with respect to dates in the enhancement paragraph, at which point Ms. Ojeman articulated that she was attempting to make an oral amendment in court. Defense counsel objected to the amendment, noting that he was only made aware of the error on the previous day.

Ojeman then remarked that defense counsel was told about the error, reviewed the judgment, and had no objection. Defense counsel admitted that he was provided an opportunity to review it, but he had tried to acquire a copy for Ingison, but Ingison was unable to view it because "the State wouldn't give us a copy." According to defense counsel, the State would not

1

provide it under the Freedom of Information Act. Ultimately, the Court went off the record and sustained Ingison's objection to the amendment, stating that the enhancement paragraph would be stricken. Ingison's attachments cease at this point and he seeks a monetary allowance that would "punish" Ojeman for these constitutional deprivations.

The Magistrate Judge issued a Report, (Dkt. #15), recommending that Ingison's complaint be dismissed with prejudice for the failure to state a claim upon which relief can be granted. Ingison has filed timely objections, (Dkt. #17).

**II. Legal Standard and Discussion**

On objection, Ingison merely objects to the contention that he has been housed at the Smith County Jail and notes that the Defendant's name was misspelled. As mentioned, Ingison contends that his constitutional rights were violated by Ojeman's failure to comply with the Freedom of Information Act.

As an initial matter, a Plaintiff bringing a civil rights lawsuit must demonstrate a constitutional violation. *See Allison v. Kyle*, 66 F.3d 71. 73 (5th Cir. 1995) ("[N]either habeas or civil rights relief can be had absent the allegation by the plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States."). A violation of state law or rule does not become a constitutional violation simply because the purported violator was a state official or employee. *See Golden State Transit v. Los Angeles*, 493 U.S. 103, 106 (1989).

Moreover, the Freedom of Information Act "requires federal agencies to 'make [federal agency] records promptly available to any person' who requests them, unless the information that they contain falls under a specifically enumerated exemption." *See New Hampshire Right to Life v. Dep't of Health and Human Servs,* 136 S.Ct. 383, 383 (Mem) (2015) (internal citation omitted);

*see also* 5 U.S.C. §552. Similarly, Texas has its own version of the federal Freedom of Information Act—also known as the Public Information Act. *See* Tex. Govt. Code Ch. 552.

Here, Ingison's claim is not cognizable under section 1983. The Freedom of Information Act requires federal agencies—not state actors—to make **federal** records available. There is no indication whatsoever that the document that was not given to him, the judgment and enhancement paragraph, were either federal records or stemmed from a federal agency. While the copies of his transcripts denote that the attorneys were using the term "Freedom of Information Act," Ingison was charged with a state crime and the proceedings occurred in state court and, therefore, it stands to reason that the attorneys were referring to Texas's public information law rather than the federal Freedom of Information Act.

Additionally, Defendant Ojeman enjoys absolute immunity from this type of claim. Prosecutors are immune from liability in suits under section 1983 for acts that are within the scope of prosecutorial duties—including initiating, investigating and pursuing criminal prosecution. *See Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). Consequently, then, Ojeman's is immune from liability for her failure, as an Assistant District Attorney, to comply with the Freedom of Information Act. Ingison's claim against her is therefore without merit.

Finally, to the extent that Ingison is challenging his criminal conviction because of the failure to receive a copy of his judgment/enhancement paragraph, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Magistrate Judge explained in the Report, a plaintiff who brings a civil suit for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 486-87. Here, however, there is no indication

that Ingison's criminal conviction was invalidated or expunged; in fact, a public records search indicates that he was sentenced in 2016 in Upshur County—a conviction that has not been overturned or invalidated.  Accordingly, the Magistrate Judge correctly found that this claim is meritless.

### III. Conclusion

As the Magistrate Judge properly found, Ingison has failed to demonstrate a constitutional violation that is required in any civil rights lawsuit.  The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected.  *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Plaintiff's objections are without merit.  Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #17), are overruled and the Report of the Magistrate Judge is **ADOPTED**.  Furthermore, it is

**ORDERED** that the above-styled civil rights lawsuit is **DISMISSED WITH PREJUDICE**.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So ORDERED and SIGNED this 20th day of February, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE